People v Francis (2026 NY Slip Op 01322)

People v Francis

2026 NY Slip Op 01322

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Ind. No. 1203/20|Appeal No. 6040|Case No. 2022-01295|

[*1]The People of the State of New York, Respondent,
vRhan Francis, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew H. Chung of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 22, 2022, as amended March 31, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a jail term of one year, unanimously affirmed.
Defendant has standing to raise his challenge to the constitutionality of New York's firearm licensing scheme, notwithstanding that he never applied to obtain a firearm license (see People v Johnson, — NY3d —, —, 2025 NY Slip Op 06528, *2 [2025]). However, defendant's Second Amendment claim is unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; People v Artis, 216 AD3d 516, 516 [1st Dept 2023], lv denied 40 NY3d 949 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Johnson, 2025 NY Slip Op 06528, *3).
Defendant's contention that his counsel rendered ineffective assistance in failing to raise his Second Amendment challenge is unreviewable on direct appeal as it involves matters not reflected in the record, and must be raised in a CPL 440.10 motion (see People v Gray, 230 AD3d 1039, 1039 [1st Dept 2024], lv denied 42 NY3d 1035 [2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026